# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JILL M. LUNDSTEN,**

       Plaintiff,

  -vs-                                                           Case No. 13-C-108

**CREATIVE COMMUNITY LIVING SERVICES, Inc.
LONG TERM DISABILITY PLAN,
CREATIVE COMMUNITY LIVING SERVICES, Inc.,
and AETNA LIFE INSURANCE COMPANY,**

       Defendants.

## DECISION AND ORDER

Jill M. Lundsten brings this action to recover long-term disability benefits under the Creative Community Living Services, Inc. ("CCLS") Long Term Disability Plan ("the Plan"). Now before the Court are cross-motions for summary judgment. Both parties argue the merits of this case, but for the reasons that follow, the Court agrees with the defendants' argument that Lundsten's claim for benefits is time-barred.

Lundsten lodged an additional claim: that CCLS, the Plan Administrator, violated ERISA by failing to provide a copy of the insurance policy within thirty days of her request. This claim lacks merit because CCLS did provide a copy of the policy upon request. Recognizing this, Lundsten abandoned this claim by failing to address it in response to the

defendants' motion for summary judgment.

Also before the Court is the defendants' counterclaim for social security disability benefits received by Lundsten for the period of time she was receiving LTD benefits. Lundsten concedes that the Plan and Aetna Life Insurance Company, the company that underwrites the policy, are entitled to summary judgment on this claim.

Finally, Lundsten and the defendants move for an award of costs and attorney's fees. 29 U.S.C. § 1132(g)(1). Defendants are entitled to costs and fees for the reasons set forth below.

***

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Timeliness.** Contractual limitation periods are enforceable under ERISA. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604 (2013)

(contractual limitation provisions are enforceable under ERISA); *Abena v. Metro Life Ins. Co.*, 544 F.3d 880, 883 (7th Cir. 2008). The Plan provides that "No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims." AR 12. The "deadline for filing claims" is 90 days after the 90-day elimination period. *Id.* The elimination period is defined as the first 90 days of a period of disability. AR 23. In this case, the elimination period expired on September 21, 2009. Thus, the three-year limitations period began running in December of 2009 and expired in December of 2012. Lundsten filed this lawsuit on January 29, 2013.

Lundsten argues that her claim for benefits under the "any reasonable occupation" standard should be treated as separate from her claim under the "own occupation" standard. AR 4 (Test of Disability; own occupation and any reasonable occupation). This is incorrect because the deadline for filing claims is defined in relation to the elimination period, and the elimination period references a single "period of disability." AR 23 ("*Elimination Period*: The first 90 days of a *period of disability*"). Accordingly, Lundsten was asked to provide additional documentation to support the *continuation* of benefits that were initially granted under the own occupation standard. The any occupation standard references the

same period of disability that is referenced in the elimination period. AR 4 ("After the first 24 months that any Monthly Benefit is payable during a *period of disability*, you will be deemed to be disabled … if you are not able to work at any reasonable occupation …"). Put another way, there is no new elimination period when the standard shifts from own occupation to any occupation.

Lundsten argues that this reading would lead to absurd consequences because any plan participant who receives disability benefits for more than three years would have no right to file suit if those benefits are terminated. In this case, however, the limitations period did not end before Lundsten's claim accrued. *Abena*, 544 F.3d at 844 ("if the employer paid the claim for three or more years and then terminated payments, it would be unreasonable to enforce a limitations period that ended before the claim could have even accrued"); *Simmers v. Hartford Life & Acc. Ins. Co.*, No. 11-C-1009, 2014 WL 107002, at *1 (E.D. Wis. Jan. 9, 2014). Lundsten's claim accrued when the appeal process ended on June 15, 2012, giving her six months to file suit. *Abena* held that seven months to file suit was reasonable; six months is similarly reasonable. Lundsten does not argue that she is entitled to equitable tolling. *Heimeshoff*, 134 S. Ct. at 615 ("To the extent the participant has diligently pursued both internal review and

judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply").

**Duty to provide documents.** Lundsten did not respond to CCLS's motion for summary judgment on this claim. The claim is without merit because the duty to produce Plan documents rests solely with CCLS, the Plan administrator. *Mondry v. Am. Family Mut. Ins. Co.*, 497 Fed. App'x 603, 610 (7th Cir. 2012). It is undisputed that CCLS responded to Lundsten's request for documents in a timely manner. Plaintiff's Proposed Findings of Fact, ¶¶ 119, 121, 123-24. The Plan administrator is not vicariously liable for Aetna's failure to provide documents. *Mondry* at 610.

**Counterclaim.** Lundsten received social security disability benefits benefits from Aetna for the period of September 21, 2009 through December 14, 2011. Therefore, Aetna and the Plan are entitled to judgment on their counterclaim for $31,545.72.[1]

**Fee award.** "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." § 1132(g)(1). Under this provision, the

---

[1] The Court calculated this amount as follows. Twenty-five full months between September 21, 2009 and December 14, 2011: 25*$1,225.00 (monthly benefit amount) = $30,625.00. Nine days in September, 2009: 9/30*$1,225.00 = $367.50. Fourteen days in December, 2011 = 14/31*$1,225.00 = $553.22.

Court may award fees and costs to either party so long as the fee claimant has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010).

Courts consider the following factors: (1) the degree of the offending parties' culpability; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. *Raybourne v. Cigna Life Ins. Co. of New York*, 700 F.3d 1076, 1090 (7th Cir. 2012). Courts also look to the "substantial justification" test, but the two tests "essentially pose the same question: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id.*

As noted, Lundsten did not argue that the limitations period should be equitably tolled. Instead, she advanced a tortured reading of the Plan in an attempt to evade its straightforward language. Then, she argued that enforcing the contractual limitations period could lead to absurd results – an argument squarely rejected by the Supreme Court in *Heimeshoff*. More to the point, this argument is irrelevant because Lundsten was left with six

months to file suit in federal court. Therefore, the Court finds that Lundsten's litigation position was not substantially justified.

***

**IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment [ECF No. 78] is **GRANTED**;

2. Lundsten's motion for summary judgment [ECF No. 73] is **DENIED**;

3. Defendants are entitled to reasonable fees and costs. The parties are encouraged to meet and seek a resolution of the amount of fees to be paid consistent with this Order;

4. The Clerk of Court is directed to enter judgment in accordance with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2015.

**BY THE COURT:**

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**