# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JILL M. LUNDSTEN,**

      Plaintiff,

    -vs-                                                     Case No. 13-C-108

**CREATIVE COMMUNITY LIVING
SERVICES, Inc., LONG-TERM
DISABILITY PLAN, CREATIVE COMMUNITY
LIVING SERVICES, Inc., and AETNA
LIFE INSURANCE COMPANY,**

      Defendants.

## DECISION AND ORDER

      This is an ERISA action to recover long-term disability benefits. In a series of orders, the Court addressed the appropriate standard of review and held that the denial of benefits was arbitrary and capricious. Both sides appealed, and while the appeal was pending, the parties entered a settlement agreement conditioned upon the Court's judgment being vacated. The parties now jointly move for an indicative ruling that the Court would grant their request to vacate the judgment as a condition of the settlement. Fed. R. Civ. P. 62.1. For the reasons that follow, this motion is granted.

      If a settlement is reached on appeal, the court of appeals can vacate

the judgment under review, but only in exceptional circumstances. *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). In the alternative, an appellate court can remand the case with instructions that the district court consider the request for vacatur under Federal Rule of Civil Procedure 60(b). *Id.*; *Mayes v. City of Hammond, Ind.*, 631 F. Supp. 2d 1082, 1086 (N.D. Ind. 2008). Unlike the appeals court, this Court's discretion is not cabined by the "exceptional circumstances" test set forth in *Bonner Mall*. *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007). Instead, the Court balances the various public and private interests at stake, including the effect on judicial precedent, the preclusive effect of the Court's opinion, and the impact on judicial resources. *City of Hammond*, 631 F. Supp. 2d at 1089 (collecting cases). "Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance." *Am. Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998).

The Court expended a substantial amount of resources in bringing this case to judgment. Under such circumstances, "it may be inappropriate to approve a settlement that squanders judicial time that has already been

invested." *Matter of Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988). However, the settlement in this case would conserve judicial resources by obviating the need for further appellate proceedings. Moreover, even if the Seventh Circuit affirmed on all grounds, this dispute would not come to an end. Instead, the plaintiff would be entitled to renew her claim for benefits at the administrative level, which could generate further appeals and yet another action for review in district court. Therefore, the public's interest in preserving judicial resources favors vacatur.

The private interests, for similar reasons, also favor vacatur. By ending this litigation now, both parties receive the benefit of a specific litigation outcome and are spared the burden of further administrative proceedings.

Regarding precedent, this Court's opinions are only relevant as persuasive authority, and the opinions "will not be ripped from the Federal Supplement …. [They] will still be available and will still be citable for … persuasive weight." *NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1069 (9th Cir. 2007). Finally, the proposed settlement resolves all issues between the parties. Therefore, the impact on res judicata – the preclusive effect of the Court's judgment – is unimportant.

The parties' joint motion for an indicative ruling [ECF No. 111] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2016.

**SO ORDERED:**

s/ Pamela Pepper
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**